# EXHIBIT 1

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NUMBER: 2016-026500-CA-01

RICARDO AGUILA,

    Plaintiff,

vs.

CORPORATE CATERERS II, INC. and,
JIM GASS, individually,

    Defendants.
_____/

### SUMMONS IN A CIVIL CASE

TO: CORPORATE CATERERS II, INC

    JIM GASS
    *Registered Agent for* CORPORATE CATERERS II, INC.
    7491 N. FEDERAL HIGHWAY, STE. C-13
    BOCA RATON, FL 33487

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET, SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    OCT 25 2016
CLERK                                                          DATE

ELDA COLIN
_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NUMBER: 2016-026500-CA-01

RICARDO AGUILA,

    Plaintiff,

vs.

CORPORATE CATERERS II, INC., and,
JIM GASS, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, **RICARDO AGUILA** ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, **CORPORATE CATERERS II, INC.** and **JIM GASS**, individually ("collectively Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000.00 excluding attorneys' fees or costs for retaliatory discharge under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, **CORPORATE CATERERS II, INC.**, is a Florida Profit Corporation operates its business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

5. Defendant, **JIM GASS**, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, **CORPORATE CATERERS II, INC**. Further, Defendant **JIM GASS** made the decision, or was involved in the decision, to terminate Plaintiff's employment. As such, Defendant, **JIM GASS** is jointly liable for all claims and damages in this matter

6. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and the retaliatory discharge occurred in Miami-Dade County.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendants as a delivery drivers from January 2014 through August 12, 2016

9. While still employed with Defendants, Plaintiff filed a lawsuit against Defendants alleging unpaid tips in violation of the Fair Labor Standards Act. This lawsuit was filed in the Circuit Court in and for Miami Dade County, Florida, case no.: 2015-024963-CA-01.

10. Plaintiff's prior suit was then removed to the Southern District of Florida and provided case no.: 1:15-cv-24350-KMM.

11. On August 9, 2016, after lengthy litigation involving mediation, a settlement conference, written discovery, oral discovery, and dispositive motion practices, the Court entered an Order granting Defendants' Motion to Dismiss.

12. Shortly thereafter, on August 12, 2016, Plaintiff was terminated from his employment with Defendants.

13. Defendant Jim Gass informed Plaintiff of his termination.

14. Prior to Plaintiff's termination, he was an exemplary employee with a clean disciplinary record.

15. The only reason for Plaintiff's termination was that he was fired in retaliation for filing, and litigating, a lawsuit brought pursuant to the Fair Labor Standards Act.

16. As such, there exists a causal connection between Plaintiff's protected activity (litigating a complaint pursuant to the FLSA) and Plaintiff's termination.

## COUNT I
### FLSA Retaliation Violation Against CORPORATE CATERERS II, INC.

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16, 12-14 of this complaint as if set out in full herein.

18. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

19. By terminating Plaintiff after his engagement in protected activity (litigating a complaint pursuant to the FLSA) Defendant **CORPORATE CATERERS II, INC.**'s conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

20. The motivating factor that caused Plaintiff's adverse employment action (termination) as described above was Plaintiff litigating a complaint pursuant to the FLSA.

21. Defendant **CORPORATE CATERERS II, INC.**'s conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant **CORPORATE CATERERS II, INC**:

   A. Adjudge and decree that Defendant **CORPORATE CATERERS II, INC.** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Enter judgment against the Defendant **CORPORATE CATERERS II, INC.** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages;

   C. Enter judgment against the Defendant **CORPORATE CATERERS II, INC.** for all front wages;

   D. Enter an award against Defendant **CORPORATE CATERERS II, INC.** and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   E. Enter an award against Defendant **CORPORATE CATERERS II, INC.** and award Plaintiff for punitive damages;

   F. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

   G. Grant Plaintiff a Trial By Jury.

## COUNT II
### *FLSA Retaliation Violation Against JIM GASS*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

23. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

24. By terminating Plaintiff after his engagement in protected activity (litigating a complaint pursuant to the FLSA) Defendant GASS's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

25. As stated above, the FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"

26. Based on this broad definition, Defendant **GASS**, in his status as an individual with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for claims, such a retaliation.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant **GASS**:

A. Adjudge and decree that Defendant **GASS**, in his status as an individual with operation control is deemed jointly and severally liable for Plaintiff's retaliation claim;

B. Enter judgment against the Defendant **GASS** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages;

C. Enter judgment against the Defendant **GASS** for all front wages;

D. Enter an award against Defendant **GASS** and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Enter an award against Defendant **GASS** and award Plaintiff punitive damages;

F. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

G. Grant Plaintiff a Trial By Jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 10-13-16

Respectfully submitted,

**Remer & Georges-Pierre, PLLC**
*Attorneys for Plaintiff*
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

By: _____
Jason S. Remer, Esq.
Fla. Bar No.: 0165580
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

# IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NUMBER: 2016 - 026500 CA-01

RICARDO AGUILA,

　　Plaintiff,

vs.

CORPORATE CATERERS II, INC. and,
JIM GASS, individually,

　　Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO:

JIM GASS
13335 SW 124 ST #201
MIAMI, FL 33186

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon y[ou with]in **20 days** after service of this summons upon you, exclusive of the day of service. If you [fail to] do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____         OCT 25 2016
CLERK                           DATE

　　　　ELENA COLINA
_____
(BY) DEPUTY CLERK

10-27
1030A
R245

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NUMBER: 2016-026500-CA-01

RICARDO AGUILA,

    Plaintiff,

vs.

CORPORATE CATERERS II, INC., and,
JIM GASS, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, **RICARDO AGUILA** ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, **CORPORATE CATERERS II, INC.** and **JIM GASS**, individually ("collectively Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000.00 excluding attorneys' fees or costs for retaliatory discharge under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, **CORPORATE CATERERS II, INC.**, is a Florida Profit Corporation operates its business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

5. Defendant, **JIM GASS**, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, **CORPORATE CATERERS II, INC.** Further, Defendant **JIM GASS** made the decision, or was involved in the decision, to terminate Plaintiff's employment. As such, Defendant, **JIM GASS** is jointly liable for all claims and damages in this matter

6. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and the retaliatory discharge occurred in Miami-Dade County.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendants as a delivery drivers from January 2014 through August 12, 2016

9. While still employed with Defendants, Plaintiff filed a lawsuit against Defendants alleging unpaid tips in violation of the Fair Labor Standards Act. This lawsuit was filed in the Circuit Court in and for Miami Dade County, Florida, case no.: 2015-024963-CA-01.

10. Plaintiff's prior suit was then removed to the Southern District of Florida and provided case no.: 1:15-cv-24350-KMM.

11. On August 9, 2016, after lengthy litigation involving mediation, a settlement conference, written discovery, oral discovery, and dispositive motion practices, the Court entered an Order granting Defendants' Motion to Dismiss.

12. Shortly thereafter, on August 12, 2016, Plaintiff was terminated from his employment with Defendants.

13. Defendant Jim Gass informed Plaintiff of his termination.

14. Prior to Plaintiff's termination, he was an exemplary employee with a clean disciplinary record.

15. The only reason for Plaintiff's termination was that he was fired in retaliation for filing, and litigating, a lawsuit brought pursuant to the Fair Labor Standards Act.

16. As such, there exists a causal connection between Plaintiff's protected activity (litigating a complaint pursuant to the FLSA) and Plaintiff's termination.

## COUNT I
### FLSA Retaliation Violation Against CORPORATE CATERERS II, INC.

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16, 12-14 of this complaint as if set out in full herein.

18. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

19. By terminating Plaintiff after his engagement in protected activity (litigating a complaint pursuant to the FLSA) Defendant **CORPORATE CATERERS II, INC.**'s conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

20. The motivating factor that caused Plaintiff's adverse employment action (termination) as described above was Plaintiff litigating a complaint pursuant to the FLSA

21. Defendant **CORPORATE CATERERS II, INC.**'s conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant **CORPORATE CATERERS II, INC**:

A. Adjudge and decree that Defendant **CORPORATE CATERERS II, INC.** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant **CORPORATE CATERERS II, INC.** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages;

C. Enter judgment against the Defendant **CORPORATE CATERERS II, INC.** for all front wages;

D. Enter an award against Defendant **CORPORATE CATERERS II, INC.** and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Enter an award against Defendant **CORPORATE CATERERS II, INC.** and award Plaintiff for punitive damages;

F. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

G. Grant Plaintiff a Trial By Jury.

### COUNT II
*FLSA Retaliation Violation Against JIM GASS*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

23. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

24. By terminating Plaintiff after his engagement in protected activity (litigating a complaint pursuant to the FLSA) Defendant GASS's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

25. As stated above, the FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"

26. Based on this broad definition, Defendant **GASS**, in his status as an individual with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for claims, such a retaliation.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant **GASS**:

A. Adjudge and decree that Defendant **GASS**, in his status as an individual with operation control is deemed jointly and severally liable for Plaintiff's retaliation claim;

B. Enter judgment against the Defendant **GASS** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages;

C. Enter judgment against the Defendant **GASS** for all front wages;

D. Enter an award against Defendant **GASS** and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Enter an award against Defendant **GASS** and award Plaintiff punitive damages;

F. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

G. Grant Plaintiff a Trial By Jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 10-13-16

Respectfully submitted,

**Remer & Georges-Pierre, PLLC**
*Attorneys for Plaintiff*
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

By: _____
Jason S. Remer, Esq.
Fla. Bar No.: 0165580
Brody M. Shulman, Esq.
Fla. Bar No.: 092044